IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| MARK ANDERSON,<br><br>        Plaintiff,<br><br>vs.<br><br>BITTERROOT HEALTH HOSPICE, WEST HILLS ASSISTED LIVING, TODD BOHLING, TERRI ANDERSON, POLLY ANDERSON, BILL ANDERSON, JUDGE HOWARD RECHT, SHERIFF, DR. COURCHESNE, DR. WOOD, AND DAN BROWDER,<br><br>        Defendants. | CV 24-12-M-DLC-KLD<br><br>ORDER and<br><br>FINDINGS AND RECOMMENDATION |

In December 2023, Plaintiff Mark Edie Anderson, who is proceeding pro se, filed this 42 U.S.C. § 1983 action in the United States District Court for the Northern District of California and sought leave to proceed in forma pauperis. (Docs. 1, 7). Plaintiff's initial pleading alleged that the Ravalli County Sheriff is preventing him from visiting his dying mother at West Hills Assisted Living Facility in Ravalli County, Montana. (Doc. 1 at 3).

1

On December 21, 2023, the California district court transferred venue of Plaintiff's case to this Court pursuant to 28 U.S.C. § 1406(a) on the ground that the acts complained of occurred in Montana. (Doc. 5). On January 22, 2024, Plaintiff filed an Amended Complaint for Violation of Civil Rights (Doc. 9) against the above-named Defendants, which the Court will treat as the operative pleading. Concurrently with his amended pleading, Plaintiff also filed a Motion and Brief in Support to Visit his Dying Mother in Hospice asking this Court to direct Bitterroot Health Hospice to transport his mother to a hospital so that he can visit her there. (Docs. 10, 10-2). On January 24, 2024, Plaintiff filed a "Notice of Removal of State Court Action to United States District Court" that purports to remove two cases that are pending in the Montana Twenty-First Judicial District Court, Ravalli County. (Doc. 11). Finally, on January 29, 2024, Plaintiff filed a motion asking the Court to appoint him as guardian ad litem for his mother. (Doc. 12).

## I.     Motion to Proceed In Forma Pauperis

Under 28 U.S.C. § 1915(a), a civil proceeding may be commenced without prepayment of fees upon filing an affidavit showing inability to pay. Plaintiff has completed an Application to Proceed in District Court without Prepaying Fees or Costs. (Doc. 7). Although the information provided on this form is not entirely clear, giving Plaintiff the benefit of the doubt, the Court finds that the information

2

provided in the application is sufficient to make the showing required by 28 U.S.C. § 1915(a). Accordingly, the Court grants Plaintiff's request to proceed in forma pauperis.

## II.     Screening Requirement

Because Plaintiff is proceeding in forma pauperis, the Court must review his Complaint to determine if the allegations are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. If so, the Complaint must be dismissed. 28 U.S.C. § 1915(e)(2).

Dismissal for failure to state a claim is appropriate when the complaint "either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Zixiang Li v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013) (quoting *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008)). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief.," *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting Fed. R. Civ. P. 8(a)), and "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Iqbal*, 556 U.S. at 678. A plausibility determination is context specific, and courts must draw on judicial experience and common sense in evaluating a complaint. See *Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1135 (9th Cir. 2014).

Where, as here, the plaintiff is proceeding pro se, the court has an obligation "to construe the pleadings liberally and to afford the [plaintiff] the benefit of any doubt." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012). But even where the plaintiff is proceeding pro se, the complaint should be dismissed if it appears "beyond a doubt that the plaintiff can prove no set of facts in support of his claim." See *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1997). A pro se plaintiff must be given leave to amend unless it is "absolutely clear that the deficiencies of the complaint cannot be cured by amendment." *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007). If it clear that the complaint's deficiencies cannot be cured by amendment, dismissal without leave to amend is appropriate. See e.g. *Chaset v. Fleer/Skybox Int'l*, 300 F.3d 1083, 1088 (9th Cir. 2002); *Klamath-Lake Pharmaceutical Ass'n v. Klamath Medical Services Bureau*, 701 F.2d 1276, 1293 (9th Cir. 1983).

//

### III.   Plaintiff's Allegations

The caption of Plaintiff's Amended Complaint for Violation of Civil Rights identifies eleven Defendants: Bitterroot Health Hospice, West Hills Assisted Living, Todd Bohling, Terri Anderson, Polly Anderson, Bill Anderson, Judge Howard Recht, Sheriff, Dr. Courchesne, Dr. Wood, and Dan Browder. (Doc. 9 at 1). Generally speaking, Plaintiff claims that Defendants have violated his "[r]ight to visit and care for [his] dying mother in hospice in violation of the Montana and Federal Constitutions." (Doc. 9 at 4). It appears that Terri Anderson, Polly Anderson, Bill Anderson, and Todd Bohling are members of Plaintiff's family. Plaintiff alleges that Dr. Courchesne and Dr. Wood have provided Plaintiff's mother with medical treatment at Bitterroot Health Hospice and West Hills Assisted Living and/or other unspecified medical facilities. Plaintiff identifies Dan Browder as the Ravalli County Attorney, and the Court liberally construes his reference to "Sheriff" to mean the Ravalli County Sheriff. (Doc. 9 at 4-5).

Plaintiff provides a litany of disjointed factual allegations against the various Defendants. (Doc. 9 at 4-6). For example, Plaintiff alleges that (1) his cousin, Polly Anderson, is a practicing lawyer who wrongfully changed his father's estate plan to exclude Plaintiff and his sister; (2) Browder and Terri Anderson are "blackmailing and extorting [him] by threatening to have [him] disbarred in

5

violation of his right to earn a living"; (3) Terri Anderson committed tax fraud with the aid of Todd Bohling by stealing money from his mother; (4) Browder filed a frivolous guardianship/conservatorship without giving Plaintiff proper notice or a right to respond, and obtained emergency orders without giving Plaintiff due process and by meeting ex parte with Judge Recht; (5) Judge Recht will not consider Plaintiff's motion to visit his mother; (5) Bitterroot Health Hospice and West Hills Assisted Living have provided substandard medical care and other services, have held Plaintiff's mother against her will, and will not allow Plaintiff to visit his mother in violation of unspecified state and federal law; (6) Dr. Courchesne and Dr. Wood provided his mother with substandard medical care; and (7) Browder, his family members, West Hills Way, and the Ravalli County Sheriff have prevented him from seeing and caring for his mother in violation of the Montana and Federal Constitution. (Doc. 9 at 4-5).

Plaintiff asks the Court to order his mother moved out of the West Hills Assisted Living facility so that he can visit with her, and appoint him as his mother's guardian and conservator. Plaintiff also seeks unspecified punitive and monetary damages against all Defendants. (Doc. 9 at 6).

//

//

## IV. Analysis

42 U.S.C. § 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. To state a claim under § 1983, "a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). *See also Balistreri v. Pacifica Police Dep't.,* 901 F.2d 696, 699 (9th Cir. 1990). Applying these well-established elements here, Plaintiff fails to state a claim for relief against any of the named Defendants.

### A. Private Individual and Entity Defendants

Many of Plaintiffs allegations are levelled against two apparently private entities—Bitterroot Health Hospice and West Hills Assisted Living. Private entities are not generally liable under § 1983 because they do not act under color of state law. *See e.g. Price v. Hawaii*, 939 F.2d 702, 707-08 (9th Cir. 1991). While a private actor's conduct may be attributed to the state under certain theories, such as the government nexus, joint action, or public functions tests, Plaintiff has not pled any facts suggesting that Bitterroot Health Hospice and West Hills Assisted Living are anything other than purely private actors. *See Kirtley v. Rainey*, 326 F.3d 1088,

1092 (9th Cir. 2003) (identifying the tests used to identify state action); *Adams v. Santa Barbara Cottage Hosp.*, 647 Fed.Appx 822, 823 (9th Cir. 2016) (unpublished) (same).

Plaintiff also fails to allege any facts indicating that Dr. Courchesne and Dr. Wood were acting under color of state law while treating Plaintiff's mother. *See e.g. Stephens v. St. Francis Medical Center*, 2017 WL 3614420, at *5 (C.D. Cal. Aug. 22, 2017) (concluding that private medical center, medical personnel affiliated with the private entity and a private hospice were not state actors).

Plaintiffs' claims against Terri Anderson, Polly Anderson, Bill Anderson, and Todd Bohling fail for essentially the same reason. Private individuals, such as Plaintiff's family members, do not act under color of state law. *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980). Plaintiff has not plead any facts from which it could reasonably be inferred that these private individuals were at any time acting under color of state law as required to state a claim for relief under § 1983.

B. **County Defendants**

Plaintiff also identifies Ravalli County Attorney Dan Browder and the Ravalli County Sheriff as Defendants, but does not specify whether he intends to sue them in their individual or official capacity. To the extent Plaintiff intends to bring suit against them in their official capacities, such an "official-capacity suit is,

in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Although a local governmental entity such as Ravalli County can be held liable under § 1983, *Monell v. Dept. of Social Servs. of City of New York,* 436 U.S. 658, 690 (1978), "such liability arises only if 'a policy, practice, or custom of the entity can be shown to be a moving force behind a violation of constitutional rights.'" *Azure v. Great Falls Police Dept.*, 2018 WL 5298417, at *3 (quoting *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011). Thus, to state a cognizable § 1983 claim against a municipality, a plaintiff must allege facts demonstrating that "(1) he was deprived of a constitutional right; (2) the municipality had a policy; (3) the policy amounts to deliberate indifference to [the plaintiff's] constitutional right; and (4) the policy was the moving force behind the constitutional violation." *Lockett v. County of Los Angeles*, 977 F.3d 737, 741 (9th Cir. 2020).

To the extent Plaintiff seeks to hold Ravalli County liable under § 1983, he fails to state a claim for relief. He does not identify any custom or policy that was the moving force behind the alleged constitutional violations. Accordingly, any claims against Browder and the Ravalli County Sheriff in their official capacities are subject to dismissal. *See e.g. Woods v. City of Los Angeles*, 2018 WL 1128419, at *3 (C.D. Cal. Feb. 28, 2018) (recognizing that "[t]o state a cognizable Section

1983 claim against a local government officer in his or her official capacity, the plaintiff must demonstrate that a policy or custom of the governmental entity of which the official is an agent was the moving force behind the constitutional violation") (internal quotation marks omitted).

To the extent Plaintiff intends to bring suit against the Ravalli County Sheriff in his individual capacity, he likewise fails to state a claim for relief. "A plaintiff seeking to bring a Section 1983 claim against an individual defendant must present facts showing the defendant was directly and personally involved in inflicting the alleged constitutional injury." *Woods*, 2018 WL 1128419, at *4. *See also Ashcroft v. Iqbal*, 556 U.S., 676 (2009) (because vicarious liability does not apply to § 1983 actions, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"). Plaintiff does not allege facts demonstrating that the Ravalli County Sheriff—who Plaintiff does not even identify by name— personally participated in any viable alleged deprivation of Plaintiff's constitutional rights as required to maintain a claim under § 1983.

Plaintiff also fails to state an individual capacity claim against Browder, who Plaintiff alleges was a Ravalli County attorney at the time of the events described in the Amended Complaint. Prosecutors like Browder "generally remain immune

from suit when they act as an advocate for the state." *Flynn v. Pabst*, 2022 WL 17690142, at *3 (D. Mont. Dec. 15, 2022) (citing *Van de Kamp v. Goldstein*, 555 U.S. 335 (2009)). "[A]cts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protection of absolute immunity." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993).

Here, Plaintiff alleges that Browder filed a frivolous guardianship proceeding without giving Plaintiff proper notice or a right to respond, and obtained emergency orders without giving Plaintiff due process and by meeting ex parte with Judge Recht. (Doc. 9 at 4). Browder is entitled to immunity from any claims based on such alleged conduct. *See Flynn*, 2022 WL 17690142, at *3 (finding that county attorney would enjoy immunity as an advocate for the state for conduct while participating in guardianship proceedings).

To the extent Plaintiff accuses Browder of acting outside the scope of his role as an advocate for the State by "blackmailing and extorting" Plaintiff, threatening to have him disbarred, and holding his mother against her will, Plaintiff's allegations are vague, conclusory, and do not support a cause of action. Plaintiff has not pled factual content that would allow the Court to draw the reasonable inference that Browder is liable for violating Plaintiff's constitutional

rights.

### C.     Judicial Immunity

Plaintiff also names Ravalli County District Court Judge Howard Recht as a defendant. It is well established that a judge is absolutely immune from suit for judicial actions undertaken in the course of his official duties in connection with a case, unless the judge acts outside of her judicial capacity or in the complete absence of jurisdiction. *Mireless v. Waco*, 502 U.S. 9, 11–12 (1991). Judicial immunity is not overcome "even when the judge is accused of acting maliciously and corruptly." *Pierson v. Ray*, 386 U.S. 547, 554 (1967) (explaining that the doctrine of judicial immunity exists to benefit the public because "[a judge's] errors may be corrected on appeal, but he should not have to fear that unsatisfied litigants may hound him with litigation charging malice or corruption").

Plaintiff alleges Judge Recht will not consider Plaintiff's motion to visit his mother, and has had ex parte meetings with Browder during the guardianship proceedings. (Doc. 9 at 4). Taking these allegations as true, Judge Recht was at all times acting in his judicial capacity, and within his general jurisdiction as a state district court judge. Accordingly, Judge Recht is entitled to judicial immunity.

### D.     Alleged Constitutional Violations

In addition to the pleading deficiencies outlined above, Plaintiff fails to

adequately allege a cognizable constitutional violation. For the most part, Plaintiff alleges unspecified violations of the "Montana and Federal Constitutions", a "right to earn a living and survive", and "state and federal law." ( Doc. 9 at 4-5). Plaintiff refers once to "due process", asserting that Browder obtained emergency orders in the state court proceedings "without giving [Plaintiff] notice and due process." (Doc. 9 at 4). But he does not support this bare and conclusory assertion with any substantive factual allegations. And even if he did, Browder would be entitled to prosecutorial immunity. Plaintiff's bare and conclusory allegations of unspecified state and federal constitutional and statutory violations are not sufficient to state a claim for relief under § 1983. Even construing the Amended Complaint liberally in Plaintiff's favor, the Court cannot identify any viable federal claims arising out of the fact pattern Plaintiff alleges.

### E. Other Filings

Plaintiff has filed a Motion and Brief in Support to Visit his Dying Mother in Hospice asking this Court to direct Bitterroot Health Hospice to transport his mother to a hospital so that he can visit her there (Docs. 10, 10-2). Plaintiff has also filed a motion asking the Court to appoint him as guardian ad litem for his mother. (Doc. 12). Even assuming, without deciding, that the Court has the authority to grant such relief, there is no basis for doing so in this case given the

pleading deficiencies identified above.

On January 24, 2024, Plaintiff filed a Notice of Removal of State Court Action to United States District Court that purports to remove two cases that are pending in the Montana Twenty-First Judicial District Court, Ravalli County. (Doc. 11). On January 30, 2024, Terri Anderson, through counsel who has entered an appearance for the sole purpose of objecting to the "Notice of Removal," conventionally filed a Motion to Reject "Notice of Removal" and Remand DG-2023-35 to State Court. (Doc.14). Terri Anderson explains that she is the petitioner in one of the two cases identified in Plaintiff's "Notice of Removal," DG-23-35, which is a guardianship and conservatorship proceeding for Plaintiff's mother under Montana's probate code (Doc. 14 at 3). A hearing in the guardianship case is scheduled for February 5, 2024. (Doc. 14 at 2). The other state court case identified in Plaintiff's "Notice of Removal," DP-2023-105 is Plaintiff's father's probate case. (Doc. 14 at 2 n. 1).

The removal statute provides in relevant part: "Except as otherwise expressly provided for by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is

pending." 28 U.S.C. § 1441(a). This statute does not authorize removal by a party, like Plaintiff, who is not a defendant in the state court action, and does not provide a basis for removing a state court case into a separate case that, like this one, is already pending in federal district court. Accordingly, Plaintiff's Notice of Removal does not operate to effect removal of the two cases identified therein.

## V.  Conclusion

The Court has considered whether the Complaint is frivolous, malicious, fails to state a claim, or seeks solely monetary relief from a defendant who is immune. See 28 U.S.C. §§ 1915(e)(2), 1915A. Even construing the Amended Complaint liberally in Plaintiff's favor, Plaintiff fails to state a claim for relief against any of the named Defendants for the reasons stated above. The Court finds that the pleading deficiencies identified above cannot reasonably be cured by amendment, and it would be futile to permit amendment. The Complaint should be dismissed for failure to state a claim on which relief may be granted.

For the reasons discussed above, the Court enters the following:

## ORDER

IT IS ORDERED that:

(1)     Plaintiff's motion to proceed in forma pauperis (Doc. 7) is GRANTED and the filing fee is waived. The Complaint is deemed filed on January 8, 2024.

(2)     Plaintiff's Motion and Brief in Support to Visit his Dying Mother in Hospice (Doc. 10) and his Motion and Brief in Support of Mark Anderson to be Appointed Guardian Ad Litem (Doc. 12) are DENIED.

## RECOMMENDATION

(1)     Terri Anderson's Motion to Reject "Notice of Removal" and Remand DG-2023-35 to State Court (Doc. 14) should be GRANTED because Plaintiff's Notice of Removal does not operate to effect removal of the two state court cases identified therein.

(1)     Plaintiff's Amended Complaint (Doc. 9) should be DISMISSED WITH PREJUDICE for failure to state a claim on which relief may be granted.

(2)     The Court should CERTIFY, pursuant to Federal Rule of Appellate Procedure 24(a)(4)(B), that any appeal from this disposition would not be taken in good faith. The Court should direct the Clerk to enter, by separate document, a judgment of dismissal.

**NOTICE OF RIGHT TO OBJECT
TO FINDINGS & RECOMMENDATION
AND CONSEQUENCES OF FAILURE TO OBJECT**

Plaintiff may object to this Findings and Recommendation within 14 days. See 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Plaintiff must immediately advise the Court of any change in his mailing address.</u> Failure to do so may result in dismissal of this action without notice to him.

DATED this 31st day of January, 2024.

_____
Kathleen L. DeSoto
United States Magistrate Judge