IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| MARK E. ANDERSON, | CV 24–12–M–DLC |
| Plaintiff, | |
| vs. | ORDER |
| BITTERROOT HEALTH HOSPICE, WEST HILLS ASSISTED LIVING, TODD BOHLING, TERRI ANDERSON, POLLY ANDERSON, BILL ANDERSON, JUDGE HOWARD RECHT, SHERIFF, DR. COURCHESNE, DR. WOOD, and DAN BOWDER, | |
| Defendants. | |

United States Magistrate Judge Kathleen L. DeSoto issued her Order and
Findings and Recommendation in this case on January 31, 2024, recommending
that the Court: (1) grant Defendant Terri Anderson's Motion to Reject "Notice of
Removal" and Remand DG-2023-35 to State Court (Doc. 14) because Plaintiff's
Notice of Removal does not operate to effect removal of the two state court cases
identified therein; (2) dismiss Plaintiff's Amended Complaint (Doc. 9) with
prejudice for failure to state a claim on which relief may be granted; and (3) certify
that any appeal would not be taken in good faith, pursuant to Fed. R. App. P.

–1–

24(a)(4)(B).  (Doc. 15 at 16.)  For the following reasons, the Court adopts the Findings and Recommendation in full.

BACKGROUND

Plaintiff, proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), against the above-named defendants.[1]  (Doc. 9.)  Plaintiff broadly alleges that Defendants violated his "[r]ight to visit and care for [his] dying mother in hospice in violation of the Montana and Federal Constitutions."  (Doc. 9 at 4.) Based on Plaintiff's allegations, it appears that Defendants Terri Anderson, Polly Anderson, Bill Anderson, and Todd Bohling are Plaintiff's family members; Dr. Courchesne and Dr. Wood are medical providers for Plaintiff's mother at Bitterroot Health Hospice, West Hills Assisted Living, or elsewhere; Dan Browder is the Ravalli County Attorney; and "Sheriff" refers to the Ravalli County Sherriff. (*See id.* at 4–5.)

Plaintiff makes several disjointed allegations against the various defendants. For instance, Plaintiff claims: (1) his cousin, Polly Anderson, is a practicing attorney who wrongfully changed the estate plan of Plaintiff's father to exclude

---

[1] Plaintiff initially filed this action in the United States District Court for the Northern District of California.  (Doc. 1.)  On December 21, 2023, the California district court transferred venue of Plaintiff's case to this Court pursuant to 28 U.S.C. § 1406(a) on the ground that the acts complained of occurred in Montana.  (Doc. 5.)  On January 22, 2024, Plaintiff filed an Amended Complaint for Violation of Civil Rights (Doc. 9) that the Court treats as the operative pleading.

–2–

Plaintiff and his sister; (2) Dan Browder and Terri Anderson are "blackmailing and extorting [him] by threatening to have [him] disbarred in violation of his right to earn a living"; (3) Terri Anderson committed tax fraud with the aid of Todd Bohling by stealing money from Plaintiff's mother; (4) Dan Browder filed a frivolous guardianship/conservatorship without giving Plaintiff proper notice or a right to respond and obtained emergency orders without giving Plaintiff due process by meeting ex parte with Judge Recht; (5) Judge Recht refuses to consider Plaintiff's request to visit his mother; (6) Bitterroot Health Hospice and West Hills Assisted Living have provided substandard medical care and other services, have held Plaintiff's mother against her will, and will not allow Plaintiff to visit his mother in violation of unspecified state and federal law; (6) Dr. Courchesne and Dr. Wood provided his mother with substandard medical care; and (7) Dan Browder, Plaintiff's family members, West Hills, and the Ravalli County Sheriff have prevented him from seeing and caring for his mother in violation of the Montana and Federal Constitutions. (*Id.* at 4–5.) Plaintiff seeks an order from the Court directing "hospice to move [his] mother out of West Hills Way to [a] hospital so [he] can visit her before she dies" and "punitive and monetary damages against all parties." (*Id.* at 6.)

Because Judge DeSoto granted Plaintiff's motion to proceed in forma pauperis, Judge DeSoto reviewed Plaintiff's Amended Complaint to determine if

the allegations are frivolous or malicious, fail to state a claim upon which relief

may be granted, or seek monetary relief from a defendant who is immune from

such relief, as required under 28 U.S.C. § 1915(e)(2).  (Doc. 15 at 3.)  First, Judge

DeSoto found that Plaintiff has not alleged any facts from which the Court could

conclude that Bitterroot Health Hospice, West Hills Assisted Living, Dr.

Courchesne, Dr. Wood, Terri Anderson, Polly Anderson, Bill Anderson, or Todd

Bohling were acting under color of state law.  (*Id.* at 7–8.)  Accordingly, Judge

DeSoto concluded that Plaintiff has failed to state a cognizable § 1983 claim

against these defendants.  (*Id.*)

Next, Judge DeSoto found that Plaintiff has not specified whether he intends

to sue Ravalli Count Attorney Dan Browder and the Ravalli County Sherriff in

their individual or official capacities; but, to the extent he intends to bring an

official-capacity suit, Plaintiff has not alleged any custom or policy that was the

moving force behind the alleged constitutional violations.  (*Id.* at 8–9.)  As such,

Judge DeSoto concluded that any official capacity claims against these defendants

are subject to dismissal.  (*Id.* at 9.)  To the extent Plaintiff intends to bring claims

against the Ravalli County Sherriff in his individual capacity, Judge DeSoto found

that Plaintiff likewise fails to state a cognizable claim because Plaintiff has not

alleged any facts demonstrating that the Ravalli County Sherriff personally

participated in any viable alleged deprivation of Plaintiff's constitutional rights.

–4–

(*Id.* at 10.)

Similarly, Judge DeSoto found that Plaintiff fails to state a cognizable individual capacity claim against Dan Browder for actions undertaken by Browder in the scope of his role as county prosecutor because Browder is entitled to prosecutorial immunity for these actions.  (*Id.* at 10–11.)  To the extent Plaintiff alleges that Browder was acting outside the scope of his role as a Ravalli County attorney—i.e., by "blackmailing and extorting" Plaintiff—Judge DeSoto found that these allegations are "vague, conclusory, and do not support a cause of action." (*Id.* at 11.)  In sum, Judge DeSoto found that Plaintiff fails to state a valid § 1983 claim against Dan Browder.

Judge DeSoto then found that Plaintiff's allegations against Judge Recht pertain to actions undertaken in the course of Judge Recht's official duties in connection with a case, Judge Recht was at all times acting in his judicial capacity, and Judge Recht was acting within his general jurisdiction as a state court district judge.  (*Id.* at 12.)  Accordingly, Judge Recht is entitled to judicial immunity.  (*Id.*) Additionally, Judge DeSoto found that Plaintiff "fails to adequately allege a cognizable constitutional violation" with respect to any defendant because Plaintiff offers only "bare and conclusory allegations of unspecified state and federal constitutional and statutory violations" that are "not sufficient to state a claim for relief under § 1983."  (*Id.* at 12–13.)

Plaintiff also filed a Notice of Removal that attempts to remove two cases pending in Montana's Twenty-First Judicial District Court, Ravalli County—case nos. DG-23-106 and DG-23-35. (Doc. 11.) In response, Defendant Terri Anderson—a petitioner in case number DG-23-35—filed a Motion to Reject "Notice of Removal" and Remand DG-2023-35 to State Court. (Doc. 14.) Judge DeSoto also addressed these filings in her Order and Findings and Recommendation. Judge DeSoto found that Plaintiff cannot remove the state court proceedings into this matter because he is not a defendant in those actions and state court proceedings cannot be removed into an ongoing federal case. (Doc. 15 at 14–15.)

Following the issuance of Judge DeSoto's Findings and Recommendation, Plaintiff filed two additional notices of removal, again attempting to remove two actions currently pending in Montana's Twenty-First Judicial District Court, Ravalli County—case nos. DV-41-24 and DP-41-24-22-FT. (Docs. 20, 23.) In addition to these filings, Defendant Terri Anderson has filed a motion seeking fees related to Plaintiff's attempted removal of case no. DG-23-35. (Doc. 25.)

## DISCUSSION

As a preliminary matter, the Court notes that Plaintiff is proceeding pro se. Typically, where a litigant is proceeding pro se, the Court must "construe the pleadings liberally" and "afford the [pro se litigant] the benefit of any doubt."

*Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).  However, Plaintiff is a barred attorney licensed to practice in the state of Montana.  State Bar of Montana, *Membership Directory*, https://www.montanabar.org/Membership-Regulatory/Member-Directory (last visited March 14, 2024).  Accordingly, Plaintiff is not entitled to the liberal pleading standard typically afforded to pro se litigants.  *Huffman v. Lindgren*, 81 F.4th 1016, 1020 (9th Cir. 2023).

## I.     Objections

Plaintiff timely filed objections to Judge DeSoto's Findings and Recommendation.  (Doc. 19.)  Consequently, Plaintiff is entitled to *de novo* review of those findings and recommendations to which he has specifically and properly objected.  28 U.S.C. § 636(b)(1)(C); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).  A proper objection must "itemize" each factual finding and recommendation to which objection is made, "identifying the evidence in the record the party relies on to contradict that finding . . . [and] setting forth the authority the party relies on to contradict that recommendation."  D. Mont. L.R. Civ. 72.3(a) (Dec. 1, 2023).  Absent a proper objection, this Court reviews findings and recommendations for clear error.  *McDonnell Douglas Corp. v. Commodore Bus. Machs., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).  Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed."  *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000).

In his Objections to Findings and Recommendation, Plaintiff raises various arguments which he categorizes into three overarching objections: (1) "[t]he Amended Complaint states valid claims this Court should consider"; (2) "[t]here are valid claims against the County, West Hill Valley Way, and Bitterroot Hospice"; and (3) "[t]he Court has jurisdiction pursuant to 18 U.S.C. §[§] 1341 [and] 1343 because Todd and Polly [Anderson] used the internet to defraud my father, my sister, Bill Anderson and me." (Doc. 19 at 4, 7, 23.) The Court will identify and address those objections that are sufficiently specific to warrant *de novo* review.

First, Plaintiff argues that Judge DeSoto failed to consider whether he sufficiently plead any claims other than those brought under § 1983. (*Id.* at 6.) Between his Amended Complaint and Objections to Findings and Recommendation, Plaintiff alleges various violations of criminal statutes, including assault, bank fraud, robbery, theft, blackmail, extortion, and mail and wire fraud. (Docs. 9 at 4–5; 19 at 7–8, 10, 12, 13, 23.) Plaintiff also alleges violations of a federal statute governing hospice care, specifically 42 C.F.R. §§ 418.52, 418.64.[2] (Doc. 19 at 13.) While Plaintiff presented all of his claims collectively in the form of a "complaint for violations of civil rights," the Court

---

[2] Part 418 of Title 42 of the Code of Federal Regulations applies to hospice care.

will consider the substance of Plaintiff's claims over the form in which they are presented.  Accordingly, the Court will review the Amended Complaint *de novo* to determine whether Plaintiff has sufficiently alleged claims other than those arising under § 1983 and *Bivens*.

To begin, criminal provisions that do not provide a basis for civil liability do not give rise to a civil cause of action.  *In re Digimarc Corp. Derivative Litig.*, 549 F.3d 1223, 1230 (9th Cir. 2008).  As such, there is no private right of action under federal law for assault, bank fraud, robbery, theft, blackmail, extortion, mail fraud, or wire fraud.  *See Valero v. Bac Home Loans Servicing, LP*, 667 F. App'x 255 (9th Cir. 2016) (no private right of action under 18 U.S.C. §§ 1341, 1343); *Afshari v. Mont. Black Gold*, No. 20-5362, 2020 WL 9217980, at *3 (6th Cir. Dec. 17, 2020) (no private right of action under 18 U.S.C. § 873); *Alexandre v. Phibbs*, No. 96-55434, 1997 U.S. App. LEXIS 14932, at *5 (9th Cir. June 19, 1997) (no private right of action under 18 U.S.C. § 1951); *see also Weimer v. Google Inc.*, No. CV 18-78-M-DLC-JCL, 2018 U.S. Dist. LEXIS 183520, at *10 (D. Mont. Aug. 17, 2018), *report and recommendation adopted,* No. CV 18-78-M-DLC-JCL, 2018 WL 5278707 (D. Mont. Oct. 24, 2018), *aff'd,* 829 F. App'x 296 (9th Cir. 2020) ("Title 18 of the United States Code is a federal criminal statute which [generally] does not create civil liability or a private right of action."); *Opera Plaza Residential Parcel Homeowners' Ass'n v. Hoang*, 376 F.3d 831, 835 (9th Cir.

–9–

2004) (plaintiff has the burden to establish that criminal statutes confer a private cause of action).  To the extent Plaintiff is alleging violations of state criminal statutes, the Court declines supplemental jurisdiction over these claims without determining whether a private right of action exists.

Nor is there a private right of action under 42 C.F.R. §§ 418.52 and 418.64. A regulation itself cannot create a private right of action, only Congress may do so by statute.  *Alexander v. Sandoval*, 532 U.S. 275, 286 (2001) (explaining that "private rights of action to enforce federal law must be created by Congress"). Thus, the Court must first look to the corresponding statute and "determine whether it displays Congress's intent to create the private right purportedly contained in the regulation."  *Lonberg v. City of Riverside*, 571 F.3d 846, 850 (9th Cir. 2009).  Here, the relevant statute is 42 U.S.C. § 1395hh, which authorizes the Secretary of Health and Human Services to "prescribe such regulations as may be necessary to carry out the administration of the insurance programs under [Subchapter XVIII – Health Insurance for Aged and Disabled]."  While it appears that the Ninth Circuit has not addressed this exact question, other district courts have held that § 1395hh does not create a private right of action.  *See Smith v. Univ. of Minn. Med. Ctr.-Fairview Riverside*, No. 09-293, 2010 WL 3893902, at *16 (D. Minn. July 14, 2010), *report and recommendation adopted,* No. 09-0293-JRT-JSM, 2010 WL 3893849 (D. Minn. Sept. 30, 2010) (finding that "nothing in

–10–

the text of the statute authorizing the regulation, 42 U.S.C. § 1395hh, suggests any right to a private cause of action"); *Trimble v. Emory Healthcare, Inc.*, No. 1:20-cv-1469-MLB, 2021 U.S. Dist. LEXIS 67263, at *8 (N.D. Ga. Jan. 21, 2021) (same).  This Court agrees and concludes that § 1395hh does not provide for a private right of action, and, therefore, there is no private right of action under §§ 418.52, 418.64.

Furthermore, even if there were a private right of action under § 418.52, Plaintiff has not alleged facts sufficient to establish standing.  To establish standing Plaintiff must demonstrate that he has "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision."  *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016).  To establish an injury in fact, Plaintiff must show that he suffered "an invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical."  *Lujan v. Defs. of Wildlife*, 504 U. S. 555, 559–60 (1992).  "For an injury to be particularized, it must affect the plaintiff in a personal and individual way."  *Spokeo, Inc.*, 578 U.S. at 339 (internal quotation marks omitted).  Plaintiff does not allege that he has *personally* suffered injury through the alleged violations of the federal hospice regulations.  Rather, Plaintiff alleges that *his mother* is not being provided a social worker or counseling.  (Doc. 19 at 16.)  Plaintiff has also failed to

–11–

allege sufficient facts to establish third-party standing.  *Dent v. Sessions*, 900 F.3d 1075, 1080 (9th Cir. 2018) ("An individual has third-party standing when '(1) the party asserting the right has a close relationship with the person who possesses the right and (2) there is a hindrance to the possessor's ability to protect his own interests.'").  Accordingly, Plaintiff has not established standing to bring a claim for violation of §§ 418.52, 418.64.

Next, Plaintiff objects to Judge DeSoto's finding that Plaintiff failed to identify any custom or policy to support a § 1983 claim against Ravalli County. (Doc. 19 at 21.)  To state a cognizable § 1983 claim against a municipality, Plaintiff must allege "a policy, practice, or custom" that is the "moving force behind a violation of constitutional rights."  *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011); *see also Monell v. Dept. of Social Servs. of City of New York*, 436 U.S. 658, 690 (1978).  Thus, Plaintiff must allege facts demonstrating that: "(1) he was deprived of a constitutional right; (2) the municipality had a policy; (3) the policy amounts to deliberate indifference to [Plaintiff's] constitutional right; and (4) the policy was the moving force behind the constitutional violation."  *Lockett v. Cnty. of Los Angeles*, 977 F.3d 737, 741 (9th Cir. 2020).

Plaintiff now claims that "the Ravalli County Sheriff has instated a policy to not allow [Plaintiff] to visit [his] mother by telling [Plaintiff] he will be charged

with trespass if [Plaintiff] goes to the property." (Doc. 19 at 21.)  Plaintiff claims
that, by depriving him of the right to see his mother, his due process rights and his
right to privacy under the Montana and United States Constitutions were violated.
(*Id.*)  However, Plaintiff's allegation is still not sufficient to support a § 1983 claim
against Ravalli County.  While proof of a single incident *may* be sufficient to
establish a policy or custom, the Plaintiff must also provide proof that the incident
"was caused by an existing, unconstitutional municipal policy, which policy can be
attributed to a municipal policymaker." *City of Oklahoma v. Tuttle*, 471 U.S. 808,
823–24 (1985).  "An unconstitutional policy need not be formal or written to create
municipal liability under Section 1983; however, it must be so permanent and well
settled as to constitute a 'custom or usage' with the force of law." *Gordon v. Cnty.
of Orange*, 6 F.4th 961, 974 (9th Cir. 2021) (internal quotation marks omitted).
Plaintiff has not alleged sufficient facts demonstrating an official policy—either
formal or sufficiently permanent to constitute custom—of preventing Plaintiff from
seeing his mother.  Nor has Plaintiff sufficiently identified what state or federal
constitutional rights have been violated.

Finally, Plaintiff objects to Judge DeSoto's finding that Plaintiff cannot
remove case nos. DG-23-106 and DG-23-35 from Montana's Twenty-First Judicial
District Court, Ravalli County, into this matter.  (Doc. 19 at 8.)  Plaintiff argues
that Federal Rules of Civil Procedure 18 and 19 permit this action.  Plaintiff is

–13–

incorrect.  Rules 18 and 19 govern joinder, which is the addition of claims and/or parties into an existing action in federal court.  Removal, on the other hand, is the process by which a defendant in a civil proceeding in state court may move the case into a federal court with original jurisdiction over the matter.  28 U.S.C. § 1441(a).  Because Plaintiff is attempting to remove case nos. DG-23-106 and DG-23-35 from state court to this Court, he is attempting removal, not joinder of claims.  Plaintiff does not contend that he is permitted to remove these cases under 28 U.S.C. § 1441(a), and the Court finds no clear error in Judge DeSoto's finding and recommendation on this issue.

Plaintiff raises various other arguments and allegations in his Objection to Findings and Recommendation, however, they are not properly supported and fail to address specific findings or recommendations.  Notably, Plaintiff does not challenge Judge DeSoto's finding that Bitterroot Health Hospice, West Hills Assisted Living, Dr. Courchesne, Dr. Wood, Terri Anderson, Polly Anderson, Bill Anderson, or Todd Bohling are private actors, not subject to suit under § 1983.  Nor does Plaintiff challenge Judge DeSoto's finding that Dan Browder is entitled to prosecutorial immunity or that Judge Recht is entitled to judicial immunity.

Reviewing the remaining findings and recommendations for clear error, the Court finds none.  The Court also finds that leave to amend is not warranted because any amendment would be futile.

–14–

## II.   Notices of Removal

Plaintiff now attempts to remove two additional state-court actions currently pending in Montana's Twenty-First Judicial District Court, Ravalli County.  On February 29, 2024, Plaintiff filed a notice of removal for case no. DV-41-24-57, where claims have been made against Plaintiff as fiduciary or successor trustee of Edie Anderson's Revocable Trust.  (Doc. 20; *see also* Doc. 26 at 4.)  On March 4, 2024, Plaintiff filed another notice of removal for case no. DP-41-24-22, a probate matter.  (Doc. 23; *see also* Doc. 26 at 5.)

As already explained, 28 U.S.C. § 1441(a) does not permit removal of state court proceedings into an existing federal case.  *See, e.g.*, *Alcoser v. Ford*, 2022 WL 4078564, *2 (5th Cir. 2022), *cert. denied,* 143 S. Ct. 752 (2023) ("As a procedural matter, a litigant may not properly remove a state court case 'into' an existing federal case . . . ."); *Gilliam v. Austin*, No. C-02-1389-PJH, 2002 WL 1034115, *4 (N.D. Cal. May 13, 2002) ("[T]he notice of removal is the means of removing a case from state court to federal district court, where it is viewed as a 'new' case and is assigned a 'new' case number[.] . . . A case cannot be removed from state court to become part of an already existing federal case."); *Paralee Boyd Salon, LLC v. COG Studio, LLC*, No. CR 16-13375, 2016 WL 5388911, *1 (E.D. Mich. Sept. 27, 2016) ("[A] case cannot be removed from state court to become part of an already existing federal case."); *Perez v. City of L.A.*, No. CV

–15–

23-03381-SVW (AS), 2023 U.S. Dist. LEXIS 209446, at *2–3 (C.D. Cal. Nov. 21, 2023) (same).  Therefore, Plaintiff's notices of removal (Docs. 20, 23) are stricken and these matters are remanded back to state court.

## III.   Fees

Defendant Terri Anderson filed a motion seeking to have case no. DG-23-35 remanded to state court.  (Doc. 14.)  Defendant Anderson now seeks to recover fees and costs associated with bringing this motion, pursuant to 28 U.S.C. § 1447(c).  (Doc. 25 at 1.)

Section 1447(c) provides that "[a]n order remanding a case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  Whether the Court should award fees turns on the reasonableness of the removal.  *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005); *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008).  "[W]here the removing party lacked an objectively reasonable basis for seeking removal," the Court may award fees.  *Lussier*, 518 F.3d at 1065.

As explained above, Plaintiff lacked an objectively reasonable basis for removing case no. DG-23-35 from state court because removal by a plaintiff in a state court proceeding into a separate case already pending in federal district court is not permitted under 28 U.S.C. § 1441(a).  Plaintiff has not addressed these shortcomings in any of his filings, and yet, has attempted to remove two more state

–16–

court proceedings into this matter.  Accordingly, the Court finds that Plaintiff lacked an objectively reasonable basis for seeking removal of case no. DG-23-35 and, therefore, an award of fees is warranted.  However, Defendant Anderson has not provided an affidavit of fees or an estimate of the total amount she seeks.  The Court therefore requests that Counsel for Defendant Terri Anderson submit an affidavit of fees before the Court grants this motion.

## CONCLUSION

Reviewing *de novo* those findings and recommendations properly objected to by Plaintiff and reviewing all remaining findings and recommendations for clear error, the Court concludes that Judge DeSoto's Findings and Recommendation should be adopted in full.  Plaintiff's attempt to remove state court proceedings into this matter is improper under 28 U.S.C. § 1441(a) and these matters are remanded to state court.  Plaintiff had no objectively reasonable basis to remove these matters and, therefore, an award of fees to Defendant Terri Anderson may be warranted subject to review of her counsel's affidavit of fees.

Accordingly, IT IS ORDERED:

1.  Judge DeSoto's Findings and Recommendation (Doc. 15) are ADOPTED IN FULL.

–17–

2.  Plaintiff's Amended Complaint (Doc. 9) is DISMISSED WITH
    PREJUDICE for failure to state a claim pursuant to Fed. R. Civ. P.
    12(b)(6).

3.  Defendant Terri Anderson's Motion to Reject "Notice of Removal" and
    Remand DG-2023-35 to State Court (Doc. 14) is GRANTED.

4.  Plaintiff's Notices of Removal (Docs. 11, 20, 23) are STRICKEN and all
    state court matters are hereby remanded to state court.

5.  The Court reserves ruling on Defendant Terri Anderson's Motion for
    Fees for Remand of DG-23-35 to State Court (Doc. 25).  Counsel for
    Defendant Terri Anderson shall submit an affidavit of fees associated
    with remand of case no. DG-23-35 on or before March 29, 2024.

6.  The Court CERTIFIES, pursuant to Federal Rule of Appellate Procedure
    24(a)(4)(B), that any appeal from this disposition would not be taken in
    good faith.

7.  The Clerk of Court shall enter judgment of dismissal by separate
    document.

DATED this 15th day of March, 2024.

Dana L. Christensen, District Judge
United States District Court